UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARLONE R. BRUMFIELD                                    CIVIL ACTION

VERSUS                                                              NOS. 21-870, 21-898

DARRYL VANNOY, ET AL.                                  SECTION "R" (1)


**ORDER AND REASONS**

Petitioner Marlone R. Brumfield petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Brumfield's petition identifies the following deficiencies in his state court proceedings: (1) he was denied judicial review on direct appeal; (2) the prosecutor knowingly used false testimony against him; (3) St. Tammany Parish law enforcement and the District Attorney racially discriminate against African-Americans; (4) he was convicted and sentenced under an unconstitutionally vague Louisiana statute; (5) the state court exceeded its jurisdiction by prosecuting him; and (6) he received ineffective assistance of trial counsel.[2]

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing § 2254 Cases, the Court referred the matter to Magistrate Judge Janis van Meerveld. On February 22, 2022, Magistrate

---

[1]   R. Doc. 1.
[2]   *Id.*

Judge van Meerveld issued a Report and Recommendation ("R&R"), finding that, although Brumfield timely filed his petition and properly exhausted his claims in state court, his petition lacked merit.[3] Accordingly, the Magistrate Judge recommended that this Court dismiss with prejudice petitioner's application for habeas corpus relief.[4] On March 3, 2022, plaintiff timely filed objections to the R&R, in which he resubmitted the substance of his initial brief in support of his petition for habeas corpus.[5]

The Court has reviewed *de novo* the record, the applicable law, and Brumfield's objections. The Court finds that Magistrate Judge van Meerveld correctly determined that all of petitioner's claims lack merit.

In his objections, petitioner does not challenge the precedent cited by the Magistrate Judge or raise any arguments disputing the Magistrate Judge's analysis. Instead, he simply reiterates the arguments he made in his initial habeas filing. The only addition is petitioner's conclusory statements at the beginning of each of his claims that the "Magistrate's report and recommendation is contrary to well established federal law."[6] Although a party who timely files written objections to a Magistrate Judge's R&R is

---

[3] R. Doc. 21.
[4] *Id.* at 29.
[5] *Compare* R. Doc. 22, *with* R. Doc. 1-1.
[6] R. Doc. 22 at 2, 5, 10, 13, 15.

entitled to a *de novo* determination of the Magistrate's recommendations to which the party objects, "[f]rivolous, conclusive or general objections need not to be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (noting that a petitioner who makes objections that are frivolous, conclusive, or general in nature is not entitled to *de novo* review by a district court). Brumfield has failed to provide this Court with any explanation or argument as to why he believes the Magistrate Judge's recommendations were "contrary to well established law."  Absent identification of any specific defects in the Magistrate Judge's R&R, the Court finds that petitioner's objections are meritless, and are adequately addressed in the R&R. *See Curington v. Cain*, No. 13-5258, 2015 WL 3953190, at \*1 (E.D. La. June 29, 2015) (determining that, in light of petitioner's conclusory objections, there was "no reason to reiterate the Magistrate Judge's well-reasoned analysis"). Because the Court finds no error in the Magistrate Judge's analysis, and because petitioner's objections are conclusory, general, and wholly duplicative of his briefing submitted to the Magistrate Judge, the Court adopts the Magistrate Judge's R&R as its opinion.

3

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). For the reasons stated in the Magistrate Judge's R&R, the Court concludes that Brumfield's petition fails to satisfy this standard. The Court does not issue a certificate of appealability.

New Orleans, Louisiana, this __17th__ day of June, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE